**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
————————————————————————

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

          **v.**                  **05-CR-230A**

**JOSEPH HEITZENRATER,**

          **Defendant.**
————————————————————————

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

        The defendant, Joseph Heitzenrater ("the defendant"), is charged in a two count indictment with having violated Title 18 U.S.C. § 1512(k) (Count 1) and Title 18 U.S.C. § 1542(c)(1) and § 2 (Count 2).  (Docket #1).

        The defendant filed an omnibus discovery motion (Docket #13) wherein he sought broad discovery of various materials and information.  Upon receiving the government's Response to that motion (Docket #14), the defendant filed a motion partially withdrawing specific requests contained in his aforesaid omnibus discovery motion.  (Docket #16).  The defendant's motion for partial withdrawal of his discovery

requests is hereby GRANTED.  The remaining requests of the defendant are as

follows: (1) A bill of particulars; (2) Production of Rule 16, Fed. R. Crim. P. materials;

(3) Production of *Jencks* materials and statements; (4) Preservation of "rough notes

and other evidence;" (5) Permission allowing defense counsel to participate in *voir dire*

of prospective jurors; (6) An audibility hearing; (7) Disclosure of grand jury transcripts;

and (8) Permission to make further motions.  The government has filed a Response to

these requests of the defendant.  (Docket #14).


Each of these requests will be separately addressed herein.


## DISCUSSION

### 1.      Defendant's Request For A Bill Of Particulars:

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for

a bill of particulars containing a detailed description of the times, places and events as

well as alleged participants of the conspiracy alleged in Count 1 of the Indictment on

the basis that the particulars are necessary to enable the defendant: (1) to prepare for

trial; (2) to prevent unfair surprise at the time of trial; (3) to preclude successive

prosecutions; and (4) to determine whether certain defenses are available.


In its Response (Docket #14), the government has provided additional

information than that which is contained in the Indictment.  (Docket #1).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).   The charge in Count 1 of the Indictment, along with the responses provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

### 2.   Defendant's Rule 16(a) Fed. R. Crim. P. Requests:

The defendant acknowledges "that the government has provided the defense access to many discovery documents in their (sic) possession, and has agreed that the defense, upon reasonable notice, will be permitted to continued access to such material, as well as the ability to copy the same."  (Docket #13, p. 9).

In its Response, the government represents that "it has fully complied with the mandates of Fed. R. Crim. P. 16(a)(1) (A), (B), (D), (E) and (F).

Based on the foregoing, the defendant's request is DENIED on the basis that it is moot.

### 3.   Defendant's Reqeust For *Jencks* Materials:

The defendant requests production and "disclosure of Jencks material (18 U.S.C. 3500) at least 30 days in advance of trial as to permit its meaningful use by the defense."  (Docket #13, p. 14).  In a second *Jencks* request (Docket #13, p. 20), the defendant asks "the Court to order the government to deliver to the Defendant immediately, but in no event not later than four weeks prior to the date of the trial a detailed listing of Jencks materials and information."

The government is not obligated to disclose and turn over *Jencks* materials until after the witness has completed his direct testimony.  *See* 18 U.S.C.

§ 3500; Rule 26.2 Fed. R. Crim. P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).

However, if the government has adopted a policy of turning such materials over to the

defendant prior to trial, the government shall comply with that policy, or in the

alternative, produce such materials in accordance with the scheduling order issued by

the trial judge.  Therefore, the defendant's requests are DENIED.


### 4.    Defendant's Request For Preservation Of Rough Notes and Other Evidence:

In its Response (Docket #14, p. 7) to this request, the government

represents that "to the extent they exist (or may be created later), the government

agrees to preserve all of the deputies' and officers' rough notes.  The hydraulic control

units have been photographed and returned to their owners; the tools will be

preserved."


Based on this response, the defendant's request is DENIED on the basis

that it is moot.


### 5.    Defendant's Request Allowing "Active Counsel Participation In Voir Dire:"

Conducting *voir dire* of prospective jurors is a matter normally performed

by the trial judge to whom the case has been assigned.  However, the trial judge has

discretion to allow participation in the *voir dire* process by counsel for the parties in a

manner designated by said trial judge.  Rule 24(a) Federal Rules of Criminal Procedure.

Therefore, defendant's request is DENIED by this Court without prejudice, and it may be renewed by counsel before the trial judge.

### 6.      Defendant's Request For An Audibility Hearing:

Counsel for the defendant and the government have advised the Court that the audiotapes that may be used at trial by the government have not been reviewed at this time for purposes of determining whether there are any actual audibility problems or issues with respect to such tapes.  Therefore, the defendant's motion in this regard is DENIED without prejudice with the right to reapply for such relief after the tapes in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court.  As part of this process, counsel for the government is hereby directed to identify those tapes that the government plans on using at the trial of the defendant and to have transcripts of those tape recordings prepared.  Once such transcripts have been prepared, counsel for the government shall supply copies of the designated tapes and respective transcripts to counsel for the defendant.  Counsel for the defendant is hereby directed to review the aforesaid tapes and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of the aforesaid tapes and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed.  Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes in question and the correctness of the transcripts of such tapes.  Should the

attorneys be unable to resolve any such disputes that may exist, counsel for the

defendant may file a motion for an audibility hearing, which motion must be filed and

served within ten days after the last conference between the attorneys seeking to

resolve such issues.


### 7.    Defendant's Request For Disclosure Of
### Grand Jury Transcripts:

Defendant asserts that he "has a particularized need for the

transcripts . . . which outweighs the grand jury policy of secrecy" because he "is the

subject of a bare bones indictment that does not state any particular acts or overt acts

that he allegedly committed in the course of the conspiracy, and does not name the

actual co-conspirator."  (Docket #13, p. 26).


It is a long-established rule that "[t]he burden. . . is on the defense to show

that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the

policy of secrecy."  *Pittsburg Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959).

The assertion of the defendant as to his "particularized need" is legally insufficient to

require disclosure of the grand jury proceedings as requested by him.  It is pointed out

that transcripts of grand jury testimony of witnesses called by the government to testify

at trial must be made available to the defendant pursuant to and in accordance with the

provision of 18 U.S.C. § 3500.  It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

> Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury proceedings is DENIED.

**8.     Defendant's Request Allowing for Additional Motions:**

The defendant requests permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or by any information provided by the government in response to the defendant's demands."  (Docket #13, p. 28).  This request is GRANTED subject to the limitations as contained in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in**

**the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.
_____
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

DATED:    Buffalo, New York
               October   3, 2006